122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Eugene MARSHALL, Defendant-Appellant.
 No. 96-30176.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1997.**
Decided Sept. 2, 1997.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, District Judge, Presiding
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald E. Marshall entered a guilty plea to a four-count indictment charging him with drug and money laundering offenses, reserving the right to appeal denial of his motion to suppress evidence. He appeals the district court's denial of his motion to suppress, arguing that the warrant was not supported by probable cause. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm on the basis that the good faith exception to the warrant requirement is applicable. Even if the warrant was lacking in probable cause, as Marshall contends, evidence thereby obtained need not be suppressed if the officer relied in good faith on the warrant's validity. United States v. Leon, 468 U.S. 897, 913-17 (1984).
 
 
 3
 Here, Officer Cory R. Darling applied for a warrant to search Marshall's residence. The affidavit contained the following information: (1) the power consumption at Marshall's residence was unusually high, especially in comparison with previous occupants of the residence; (2) fictitious names were used to establish electricity service for the residence; (3) the electricity bill was paid for in cash; and (4) two employees at the electricity company, familiar with its distinct smell, smelled the strong odor of marijuana emanating from Marshall and from the bills he used to pay the electricity bill. Darling attested that people involved in criminal activity often use fictitious names to establish utility services and pay their bills with cash and that high electricity consumption is consistent with marijuana growth operations. See United States v. Clark, 31 F.3d 831, 835 (9th Cir.1994).
 
 
 4
 Although perhaps not sufficiently supported by probable cause, the affidavit was not "so lacking in indicia of probable cause" as to render official belief in its existence entirely unreasonable. See United States v. Fowlie, 24 F.3d 1059, 1067 (9th Cir.1994), cert. denied, 513 U.S. 1086 (1995). Darling, and the other officers involved, manifested objective good faith in relying on the warrant. Further, Marshall has not alleged that Darling's affidavit included deliberate, material misrepresentations, or that the judge abandoned his required neutral and detached judicial role in issuing the warrant. See Clark, 31 F.3d at 836. The officers' reliance on the warrant was objectively reasonable.
 
 
 5
 The district court's decision is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3